Filed 7/29/25  In re Kylie J. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Kylie J. et al., Persons Coming Under the Juvenile Court Law. | B342514 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 23CCJP03696A–E) |
| Plaintiff, | |
| v. | |
| E.S., | |
| Defendant and Appellant. | |
| S.S., | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan M. Valles, Referee.  Affirmed.

Donna B. Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Jack A. Love, under appointment by the Court of Appeal, for Respondent.

No appearance by Plaintiff.

Mother E.S. and Father S.S. have five children together. A sixth child was born who tested positive for methamphetamine and marijuana. That child's father is Christian K. On October 26, 2023, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition as to all six children, alleging they were at risk of physical harm because the youngest was born with a positive toxicology screen; Mother had a history of substance abuse and currently used amphetamine, methamphetamine and marijuana; Mother failed to protect the children from her companion Christian K, who had a history of substantive abuse and currently abused marijuana. (The petition was later amended to allege Mother and Christian K. had a history of engaging in domestic violence in the presence of the children, including an incident occurring on January 29, 2024.) The juvenile court detained the five oldest children and placed them with Father, who lived apart from Mother.

On March 12, 2024, Mother pled no contest to the petition. The juvenile court made true findings on the petition after striking several allegations about Christian K. The juvenile court ordered the five oldest children removed from Mother's custody and placed with Father. The court ordered Mother into services to address drug dependence, domestic violence, and mental health issues and ordered that Mother's visitation be monitored.

Early on, the juvenile court and DCFS approved Father to monitor Mother's visits with their five children. Four months after the petition was filed, Mother had not made herself available for visits. In the year that elapsed after the petition was filed, Mother visited the children twice. Father and a

maternal aunt monitored one of the visits and a social worker monitored the other.

One year after the petition was filed, on October 22, 2024, the juvenile court found that Mother had not made substantial progress in her case management services and granted Father sole physical custody of the five oldest children and joint legal custody to both parents. Over Mother's objection, the court ordered monitored visitation for Mother three times a week for three hours each visit with Mother to pay for professional monitors if the parents could not agree on monitors. The juvenile court terminated jurisdiction with a juvenile custody order. Mother timely appealed.

## DISCUSSION

Mother argues she is indigent and cannot pay for a visitation monitor. Because of her inability to pay, she contends she will be denied the right to visit and parent her children. She argues her indigent status is established by virtue of the trial court's appointment of counsel on her behalf at the initial hearing on November 9, 2023. She relies on section 362.8, subdivision (b) of the Welfare and Institutions Code which provides: "a parent . . . who qualifies for the services of court-appointed counsel pursuant to Section 317 is presumed to be unable to pay the cost of court-ordered services." She states it is highly unlikely she and Father will be able to agree on a monitor given their adverse positions, past domestic violence incidents, and current lack of contact.

Father argues the juvenile court did not abuse its discretion when it offered Mother two reasonable options for visitation. We agree with Father and affirm.

3

Custody and visitation orders made during the juvenile court's termination of jurisdiction are reviewed for abuse of discretion. An abuse of discretion occurs when the juvenile court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

Contrary to Mother's contention, Welfare & Institutions Code section 362.8 simply prohibits a finding of parental noncompliance with court-ordered services if that parent is indigent, cannot pay for the service, and a comparable free accessible service has not been offered. *If* this section applies to visitation orders, the juvenile court complied by offering a viable free option that Mother could access, as discussed herein.

The record reflects that although Mother initially denied knowing Father's whereabouts, 12-year-old Kylie said she had daily contact with her father by phone, reciting his telephone number. Kylie also said Father would visit them at Mother's home or take them out to eat. She told DCFS Father got along well with Mother. Three of the other four children, ages five through eight, confirmed they talked to their father on the phone and saw him on a regular basis. Father told DCFS he had a close bond with his children and he would get a bigger home so they could reside with him. According to DCFS reports, when the children were released to Father, they were happy to see him and were comfortable with him. Father later arranged for the two oldest girls to live with their maternal aunt. The three youngest boys lived with him.

At the adjudication/dispositional hearing on March 12, 2024, Mother asked the court to assess Father to take care of the youngest child, the child of Christian K., because Father's

4

residence was closer to hers.  At the final hearing on October 22, 2024, Mother requested unmonitored visitation and objected to a professional monitor at her expense, but she did not suggest that Father would not agree to an unpaid monitor.  Indeed, there was no evidence that Mother or Father would not agree to monitors suggested by the other.  All evidence was to the contrary.  When Mother did visit the children twice, unpaid monitors were present.  Mother had named two sisters, her children's two maternal aunts, as part of her support system.  One of those maternal aunts offered her home to the two oldest children and monitored one of Mother's two reported visits.  The other maternal aunt, as part of a pre-filing safety plan, had offered to move into Mother's home to supervise the children.

The evidence before the court when it made the order also contradicts Mother's contention that she and Father would not be able to agree on an unpaid monitor.  Father received and accepted help from the maternal aunts.  They assisted Father by monitoring visits and opening their home to the children.  The children also enjoyed visits with their maternal uncle.  The two oldest were living with their maternal aunt.  The evidence suggests both sides of the family remain willing and able to help Mother visit her children without the necessity of a paid professional monitor.  Moreover, at no time did Mother resist or object to her family's efforts to help her and her children.  Based on these facts, the juvenile court did not abuse its discretion in offering Mother reasonable options for visitation.[1]

---

[1]     Mother is not without recourse in the future.  If problems arise, Mother has the option of seeking relief in the family law court.  (*In re Chantal S.* (1996) 13 Cal.4th 196, 214.)

## DISPOSITION

The visitation order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        STRATTON, P. J.

We concur:


       WILEY, J.


       RUBIN, J.[*]

---

[*] Retired Presiding Justice of the California Court of Appeal, Second District, Division 5, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6